STATE OF CONNECTICUT *v.* PETER J. GOULD
(AC 31545)

Bishop, Lavine and Schaller, Js.

---

Argued January 4—officially released March 15, 2011

*Jeffrey P. Chartier*, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's

attorney, and *Mitchell D. Rubin*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Peter J. Gould, appeals from the judgment of conviction, rendered following a jury trial, of two counts of reckless endangerment in the second degree in violation of General Statutes § 53a-64 (a). On appeal, the defendant claims that the trial court improperly (1) failed to instruct the jury regarding mistake of fact and (2) restricted his cross-examination of his then wife, Cynthia Gould. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In 2007, the defendant and his wife, Cynthia Gould, were in the midst of divorce proceedings, which had commenced in 2005. In March, 2007, the defendant no longer resided with his wife and children in the marital home located at 429 Taconic Road in Greenwich but often visited the property to spend time with his children. On March 18, 2007, unbeknownst to the defendant, Cynthia Gould called George Christiansen, who previously had served process on the defendant,[1] to notify him that the defendant was at the marital home and available to be served.

When Christiansen and state marshal George Ritchie arrived, the defendant was backing his truck, which had a plow attached to it, into a garage. While Christiansen stayed in his vehicle, Ritchie approached the passenger side of the defendant's vehicle and displayed his badge in one hand and a subpoena and restraining order in the other against the truck window. Ritchie identified himself as a state marshal and told the defendant that he had papers for him and asked the defendant to lower

---

[1] Christiansen was not a state marshal but had served the defendant as an "indifferent person." See General Statutes § 52-50 (a).

his window. The defendant responded that he could not hear Ritchie and increased the volume on the radio. When Ritchie went around to the back of the defendant's truck, the defendant moved the truck in reverse, striking Ritchie, forcing him against the garage and causing him to fall on the ice. Christiansen then exited his vehicle and Ritchie told him to call the police. The defendant then struck Ritchie again with the truck, causing him to fall a second time. The defendant continued to drive forward and back a number of times. He struck Christiansen with the truck and then caught him between the plow and the hood of the truck, dragging him five to ten feet. Both Ritchie and Christiansen were treated for minor orthopedic injuries as a result of the incident.

As a result of the March 18, 2007 incident, the defendant was charged with assault of a peace officer in violation of General Statutes § 53a-167c (a), assault of an elderly person in the third degree in violation of General Statutes § 53a-61a (a) (1)[2] and two counts of reckless endangerment in the second degree in violation of § 53a-64 (a). The jury found the defendant guilty of the reckless endangerment counts and not guilty of the other charges. The court sentenced the defendant to a total effective term of one year of incarceration, execution suspended, and two years of probation. This appeal followed.

I

The defendant first claims that the court improperly declined to instruct the jury on mistake of fact regarding his contention that he did not know that Ritchie was a state marshal.[3] In seeking such an instruction, counsel

---

[2] Christiansen was sixty-two years old on the date of the incident.

[3] The defendant also contends that "[t]he jury could have determined that the defendant's actions were justifiable had [it] been instructed by the court as to the rights of property owners." Defense counsel conceded in oral argument to this court that, although he orally sought such an instruction in chambers, the record does not reflect that he made such a request.

for the defendant argued to the trial court that "whether [the defendant] knew . . . [that] it was a marshal involved or not is specifically why this charge is so important. Count one states that the state accuses the defendant . . . with committing the crime of assault on a peace officer . . . with intent to prevent a reasonable, identifiable peace officer . . . from performing his duties, and while such peace officer is acting in the performance of his duties, such person caused physical injury to such peace officer in violation of [the] Connecticut General Statutes." Defense counsel went on to indicate that he sought a mistake of fact instruction to "negate a mental state required for the commission of an offense. Here, [the offense] requires that [the defendant] intended to prevent a reasonably identifiable peace officer from performing his duties. If [the defendant] did not know he was a peace officer, he could not have been trying to prevent him from doing his duties. And that, therefore, would negate the mental element." The court declined to instruct the jury on mistake of fact as requested by the defendant.

The requested instruction pertained only to the offense of assault of a peace officer, of which the defendant was acquitted. Because the defendant's conviction did not stem from the court's decision not to instruct the jury regarding mistake of fact, his claim in this regard fails.

## II

The defendant also claims that the court abused its discretion in limiting his cross-examination of Cynthia Gould.[4] Specifically, the defendant claims that the court

Because the defendant did not preserve this claim at trial and he is not asserting a constitutional claim for which he has sought an extraordinary level of review, we decline to afford it review.

[4] In setting forth the standard of review in his brief, the defendant makes a reference to the constitutional right of a defendant to confront witnesses as guaranteed by the sixth and fourteenth amendments to the United States constitution. He has not briefed a constitutional violation, however, nor did

improperly limited his ability to call into question his wife's ability to recall the events of that day and to impeach her credibility on the basis of the contested divorce proceeding in which the parties were involved at the time. We disagree.

"[I]n . . . matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. . . . The determination of whether a matter is relevant or collateral, and the scope and extent of cross-examination of a witness, generally rests within the sound discretion of the trial court. . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) *State* v. *Moore*, 293 Conn. 781, 790, 981 A.2d 1030 (2009).

Cynthia Gould testified that she observed the incident on March 18, 2007, from her third floor office window. She indicated that she did not see Ritchie display a badge when he approached the defendant's truck. She testified that the defendant would not open the truck window when Ritchie approached him and that, instead, he drove the truck back and forth, trying to maneuver the truck so that he could avoid being served. In doing so, he struck both Ritchie and Christiansen with the truck before he fled. Her testimony was essentially cumulative of Christiansen's testimony except that her testimony supported the defendant's contention that Ritchie did not display his badge when he approached the defendant.[5]

he raise such a claim in the trial court. He conceded at oral argument to this court that his claim is, therefore, limited to whether the court abused its discretion.

[5] We note that, at trial, the defendant did not claim that he did not operate his truck in the manner that the witnesses had testified, nor did he contest the allegations that he struck Ritchie and Christiansen with the truck. Rather, he testified that he acted in that manner because he did not know who the men were and that he feared them.

On recross-examination, the defendant asked Cynthia Gould whether she was under the influence of alcohol on the day of the incident in question. The court sustained the state's objection to this question on the ground that the question was outside the scope of redirect examination. Nevertheless, despite the pendency of the state's objection, Cynthia Gould answered, "no," when asked whether she had been drinking on the day in question, and her response was not stricken from the record. The question, therefore, was asked and answered. Despite the fact that the witness had answered the question, defense counsel protested the court's ruling, arguing that the question went to the witness' "ability to recall events." The court explained to defense counsel that his recross-examination would be limited to what was brought out on redirect. Following this colloquy, defense counsel did not seek to make an offer of proof regarding this issue and, instead, indicated that he had no further questions.

The defendant claims on appeal that the question regarding whether Cynthia Gould had been drinking on the day in question was relevant to her ability to recall the events of that day.[6] Our review of the record reveals not only that the witness answered the question in the negative, an answer that remained unstricken before the jury, but that the court properly determined that the defendant's inquiry on this issue was beyond the scope of the state's redirect examination. Thus, the court did not abuse its discretion in disallowing that question.

The defendant also claims that the court improperly limited his cross-examination of Cynthia Gould relating to their divorce proceedings and that such testimony

---

[6] The defendant also argues that he was seeking to impeach Cynthia Gould's credibility in asking her if she had been drinking on the day in question. Because this claim is made for the first time on appeal, we decline to address it.

was relevant to her bias. In support of this claim, the defendant points to portions of Cynthia Gould's testimony on cross-examination in which defense counsel asked several questions regarding the parties' divorce proceedings, all of which were allowed and answered by her.[7] Thus, the portion of the transcript cited in the defendant's brief does not support his claim on appeal that he was prevented from asking Cynthia Gould questions regarding animus flowing from the divorce proceedings. To the contrary, the record reflects that counsel was able to delve into this area without objection. To the extent the defendant may now be claiming that there were other questions during recross-examination that he was not permitted to pose, he has not provided any pertinent transcript citation. It is an appellant's burden to support his claims on appeal by appropriate references to the page or pages of the transcript on which the party relies. See Practice Book § 67-4 (c). Additionally, "it would be beyond the proper role of this court in resolving the issues raised on appeal to sift through the voluminous record before us and speculate as to the specific evidence at issue in the present claim." *State* v. *Tocco*, 120 Conn. App. 768, 786–87, 993 A.2d 989, cert. denied, 297 Conn. 917, 996 A.2d 279 (2010). Accordingly, because the defendant's claim is briefed inadequately, we decline to address it.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] On cross-examination, defense counsel elicited testimony from Cynthia Gould that the divorce proceedings had been going on since 2005 and that a large estate was at issue. Earlier on direct examination, Cynthia Gould testified that the divorce had "droned on for too long," that there had been many court appearances and that the defendant had made it difficult for her to serve him. From our review of the record, it is clear that the contentious nature of the divorce litigation had been conveyed to the jury.