J-S73006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| EMRU KEBEDE, | |
| Appellant | No. 1228 MDA 2014 |

Appeal from the PCRA Order June 27, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003556-2007

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 20, 2015**

Emru Kebede appeals from the June 27, 2014 order denying him PCRA relief.  Counsel has filed a petition to withdraw.  We grant that petition and affirm.

The facts of the crime in question were outlined by our Supreme Court in **Commonwealth v. Sanchez**, 36 A.3d 24 (Pa. 2011).  On May 2, 2007, Appellant, who was then sixteen years old, was with Abraham Sanchez, Lorenzo Schrijver, and Robert Michael Baker at the home of Baker's fiancée, Susan Bass.  Sanchez and Schrijver had a firearm.  The four men decided to either burglarize a home or break into a car to obtain money for a marijuana-selling business in which Sanchez and Schrijver were engaged. The four cohorts all put on gloves and started to drive around together to scout for a suitable location to commit a crime.  Schrijver spied a house

located in an isolated area and an elderly man, Ray Diener, seated alone inside the residence. After parking the car, Schrijver approached the house and rang the doorbell while Appellant, Baker, and Sanchez hid. When Mr. Diener answered the door, Schrijver asked to use the telephone and told the victim that his car was broken down. Mr. Diener returned inside his house to retrieve his cellular telephone. Schrijver handed the gun to Sanchez and prepared to attack the victim.

When the victim returned, Schrijver took the phone while Sanchez revealed himself, pointed the gun at Mr. Diener, and told him to lie down. The victim grabbed the gun and screamed. While the victim and Sanchez wrestled for the weapon, it discharged and a bullet hit the victim in the hip. Mr. Diener fell and began to cry and plead for help. Baker fled toward the car, and Appellant followed him. Schrijver stayed behind and told Sanchez to shoot the man again; Sanchez complied.

By that time, the victim's wife, Barbara, had awakened due to her husband's screams and came outside. She saw her husband on the ground and then ran inside her home, locked the doors, called the police, and reported that two men were attempting to enter her home. Sanchez again shot the victim, who was declared dead at the scene, and the four cohorts left the scene in their car. Appellant was later interviewed by police and gave an extensive statement outlining his involvement in these events. He

informed police that, prior to the crime, Sanchez and Schrijver had bragged about shooting at people who had been disrespectful to them.

On September 10, 2010, Appellant was found guilty of second-degree murder, and he subsequently was sentenced to the applicable mandatory sentence of life imprisonment without parole. On direct appeal, we affirmed, and our Supreme Court denied allowance of appeal. *Commonwealth v. Kebede*, 23 A.3d 1080 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 27 A.3d 1015 (Pa. 2011).

Appellant filed a timely *pro se* PCRA petition, counsel was appointed, and counsel filed an amended petition. Therein, one issue was raised: that Appellant's sentence of life imprisonment without parole was unconstitutional under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) (mandatory sentence of life imprisonment without parole constitutes cruel and unusual punishment if homicide offender is a minor when crime occurred). Counsel filed a second amended PCRA petition wherein he maintained that *Miller* applied retroactively. This appeal followed the denial of PCRA relief.

Initially, we note that appellate counsel has petitioned this Court to withdraw pursuant to the mandates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). These cases govern the procedure for withdrawal of court-appointed counsel for purposes of post-conviction

- 3 -

proceedings. "[I]ndependent review of the record by competent counsel is required before withdrawal is permitted" in the PCRA setting. *Commonwealth v. Widgins*, 29 A.3d 816, 817 (Pa.Super. 2011) (quoting *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009)). That independent review requires:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The . . . court conducting its own independent review of the record; and
>
> 5) The . . . court agreeing with counsel that the petition was meritless.

*Widgins*, *supra* at 818 (quoting *Pitts*, *supra* at 876 n.1). In addition,

> In *Commonwealth v. Friend,* 896 A.2d 607 (Pa.Super. 2006), [abrogated on other grounds by *Pitts*, *supra*,] this Court had imposed an additional requirement for counsel seeking to withdraw in collateral proceedings:
>
> > [W]e here announce a further prerequisite which must hereafter attend an application by counsel to withdraw from representing a PCRA petitioner, namely, **that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right**

> **to proceed *pro se* or with the assistance of privately retained counsel.**

*Id.* at 614 (emphasis in original).

***Widgins***, ***supra*** at 818. This requirement, which has not been abrogated by our Supreme Court, is still applied by the Superior Court. ***Id.***; ***see also Commonwealth v. Rykard***, 55 A.3d 1177 (Pa.Super. 2012).

In the present case, counsel has filed a brief and a petition to withdraw. In his petition to withdraw, counsel outlines that he carefully reviewed the record, researched all issues, and concluded that there are no meritorious questions to present on appeal. The filed brief, which is labeled as a ***Turner/Friend*** statement, constitutes a no-merit letter, sets forth the issue in the amended PCRA petition and establishes the lack of merit of that issue. Attached to the brief is a copy of a letter that counsel mailed to Appellant. That letter detailed that counsel sent Appellant a copy of the brief, informed Appellant that counsel was seeking to withdraw, and advised Appellant that he had the right to represent himself and proceed *pro se* or to hire another lawyer. Hence, counsel has satisfied the mandates applicable to him.

We now examine the issue raised on appeal: "Whether the post-conviction court erred when it denied relief on Appellant's claim that the mandatory sentence of life imprisonment without parole was imposed illegally?" Appellant's brief at 2. Before reaching its merits, we outline the applicable standard of appellate review:

An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 2014 WL 6982658, *4 (Pa.Super. 2014) (citation omitted).

In the present case, Appellant was a juvenile when he committed the crime in question and was subject to a mandatory sentence of life imprisonment without parole. As noted, *Miller* prohibits the imposition of such a sentence on a juvenile homicide offender. However, as counsel points out in his brief, *Miller* has been denied retroactive application, and hence, that decision does not apply to a juvenile PCRA petitioner. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). Thus, Appellant currently cannot obtain relief under *Miller*.

Appellant filed a *pro se* response to counsel's petition to withdraw. He avers that PCRA counsel's withdrawal request herein cannot be granted since PCRA counsel failed to address the merits of the following issues, which were raised in Appellant's *pro se* PCRA petition: 1) trial counsel was ineffective for failing to call Appellant to testify on his own behalf; 2) trial counsel was ineffective when he did not call character witnesses on Appellant's behalf; and 3) Appellant was entitled to a new trial under *Batson v. Kentucky,* 476 U.S. 79 (1986), "in regard to the exclusion of African American jurors

represented at defendant's trial." Objection to Application to Withdraw as Counsel in re of Emru Kedebe, 12/13/14, at 2.

It is settled, "*No* defendant has a right to hybrid representation, either at trial or on appeal." *Commonwealth v. Padilla*, 80 A.3d 1238, 1259 (Pa. 2013) (emphasis in original) (citing *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993); *Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010)). Based upon this principle, we do not examine the issues raised in *pro se* filings of a defendant who has been appointed counsel in order to ascertain whether counsel is permitted to withdraw. *Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999) ("We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants.").[1] As the only issue that was presented to and considered by the PCRA court during the PCRA proceedings was the one contained in the amended and second amended petition, counsel, in this appeal, was obliged only to establish the lack of merit of that single issue. We accept counsel's position that he carefully reviewed the record, researched **all** issues, and concluded that there are no meritorious questions to present on appeal. Since the PCRA petition was amended, we presume that counsel weighed the other issues

---

[1] This aspect of *Pursell's* holding was not impacted by subsequent case law regarding our ability to review allegations of PCRA counsel's ineffectiveness when such ineffectiveness is raised for the first time on appeal.

contained in the *pro se* petition and decided not to pursue them based upon his legal assessment of their chances of success.

Indeed, the record establishes: 1) Appellant had a history of involvement in the juvenile system; 2) there were reports and records in the Mount Joy Borough Police Department outlining police interactions with Appellant; 3) Appellant had numerous disciplinary problems in school and was expelled from one high school; 4) Appellant and his mother were in counseling; and 5) Appellant withdrew his request to have this matter decertified to the juvenile system due to his troubled past. Additionally, as noted *supra*, Appellant's detailed statement to police about his participation in these crimes was introduced at trial. Thus, the record readily supports both trial counsel's decision not to have Appellant testify as well as the lack of a viable defense based upon Appellant's character. Additionally, a transcript of *voir dire* indicates that the jury pool did not contain any African Americans and that the pool in that county normally did not contain African Americans. N.T. Voir Dire, Vol. I, at 9/3/09, 28. Thus, there were no African Americans to strike.

Furthermore, any allegation that PCRA counsel was ineffective for filing an amended PCRA petition that omitted the three listed issues cannot be entertained in this appeal since Appellant never raised any allegation of PCRA counsel's ineffective in the PCRA court. **Commonwealth v. Henkel**, 90 A.3d 16 (Pa.Super. 2014) (*en banc*) (citing **Commonwealth v. Jette**, 23

A.3d 1032, 1044 n. 14 (Pa. 2011); *Commonwealth v. Hill*, 16 A.3d 484, 497 n. 17 (Pa. 2011); *Commonwealth v. Colavita*, 993 A.2d 874, 894 n. 12 (Pa. 2010); *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009)).[2]

In his response to counsel's request to withdraw, Appellant observes that the retroactivity of *Miller* is under consideration by the United States Supreme Court. Appellant continues that counsel's petition to withdraw is therefore premature since that High Court may decide that *Miller* is indeed retroactive. If the United States Supreme Court decides that *Miller* is retroactive, Appellant can again seek PCRA relief. 42 Pa.C.S. § 9545(b)(1)(iii) (outlining that a PCRA petition can be filed if the United States Supreme Court announces a new constitutional right and makes that right retroactive). At this point, however, the retroactivity issue is settled in Pennsylvania, and we cannot disagree with counsel's assessment that Appellant presently is ineligible to obtain relief under *Miller*.

Our independent review of the record confirms that there are no meritorious issues that can be raised in this appeal. Hence, we affirm.

_____

[2] We do observe that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), offer Appellant an opportunity for federal *habeas corpus* review.

Petition of R. Russell Pugh, Esquire, to withdraw is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015